UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| G.G. (minor), by and through His Next Friend, KINDA COLLINS and KINDA COLLINS, Son and Mother. | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 14:19-CV-960<br>) |
| v. | )<br>) |
| THE KANSAS CITY MISSOURI SCHOOL DISTRICT; KANSAS CITY PUBLIC SCHOOLS BOARD OF DIRECTORS; SUPERINTENDENT MARK BEDELL; PRINCIPAL LINDA MAY; and MICHAEL BROOKS, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

Presently pending before the court is a motion to dismiss filed by defendants, Superintendent Mark Bedell, Kansas City Public Schools Board of Directors, Principal Linda May, and the Kansas City Missouri School District ("the District defendants"). (Doc. 11). Plaintiffs have filed a motion to remand. (Doc. 17). And, review of the dismissal motion has been stayed pending a ruling on remand. (Order dated January 9, 2020).

Background

Plaintiff, Kinda Collins, is the mother of two sons with diagnosed disabilities, plaintiff G.G. and his brother T.G., who attend school in the Kansas City, Missouri School District. (Petition: ¶¶ 28-31). Plaintiff alleges that she advocated for aid and accommodations for her sons to receive a 504 Plan or Individualized Education Program (IEP), but was denied and retaliated against by the District. (Id: ¶¶ 32-34, 37).

In 2016, G.G. was placed in an alternative school, Success Academy at Knotts, due to his disabilities and associated issues. (Id: ¶ 35). In early 2017, G.G's advocate from Swope Behavioral and Mental Health was removed from the classroom as a purported distraction to the other students. (Id: ¶¶ 38-39).

Ms. Collins alleges that at the beginning of the 2017-2018 school year, she was advised through the social services hotline that at the end of the 2016-2017 school year, G.G. was thrown to the ground by a staff member at the Academy and suffered a busted lip. (Id: ¶¶ 40-42). Ms. Collins states that Principal May then decided that G.G. should be transferred back to the mainstream school, Wendell Phillips Elementary. (Id: ¶ 43).

Through Ms. Collin's requests, a meeting to discuss the transfer was scheduled in September with plaintiff, the Assistant Superintendent at the Academy, Anthony Lewis, and Principal Deloris Brown at Wendell Phillips. (Id: ¶

44-47). The meeting was held by phone with Ms. Collins, G.G. and Mr. Lewis in attendance, and principals May and Brown by phone. (Id: ¶ 50). During the discussion, principal Brown stated that she did not have the resources to accommodate G.G.'s disabilities, and principal May stated that although G.G. had issues with lack of focus and temper, he was ready to move to Wendell Phillips. (Id: ¶¶ 52-53). Mr. Lewis suggested that a behavioral therapist and the school counselor could assist G.G. with the transition for a trial period in order to assess the situation, but then both May and Brown rejected the suggestion and agreed that G.G. was not ready to be mainstreamed. (Id: ¶¶ 54-55).

     Ms. Collins states that although she asked Principal May not to speak with G.G. about moving schools, she believes that both Principal May and G.G.'s teacher told him which exacerbated his disabilities and caused a behavioral change. (Id: ¶¶ 58-59).

     On October 10, 2017, G.G. was sent to the principal's office because he was kicking his desk; and, upon information and belief, Ms. Collins states that Principal May, Behavioral Therapist Ajibola Adepoju, school counselor Shimell Toms-Wooden, and Michael Brooks, a volunteer for the District's Mentor Program were in the office at that time. (Id: ¶¶ 60-61, 72). The adults yelled at G.G. to sit down,

but he hid under a table. (Id: ¶ 62). Mr. Brooks reached under the table, picked G.G. up by his neck, and slammed him into a chair. (Id: ¶ 63).

Principal May called Ms. Collins to pick up G.G., and she heard G.G. yelling at someone to get their hands off him; upon Ms. Collin's arrival at the school, G.G. said that Mr. Brooks hurt him and choked him. (Id: ¶¶ 64-69). Ms. Collins took G.G. to Children's Mercy Hospital for treatment, reported the incident to the Missouri Department of Social Services, and filed a police report. (Id: ¶ 73).

Ms. Collins states that G.G. was subjected to assault, battery, harassment, false imprisonment and infliction of emotional distress, and began to suffer from night terrors, incontinence, PTSD, episodic talking to himself, extreme emotional distress, anxiety and fear of physical touch. (Id: ¶¶ 78, 80). Ms. Collins claims that G.G. was denied the free and equal use of the accommodations, facilities and services provided by the District, and that these privileges were withheld due to plaintiff's requests for accommodations and complaints of discrimination. (Id: ¶ 79). Ms. Collins further claims that these allegations are the result of actions by the District, Board of Directors, Superintendent Bedell, Principal May, and/or Mr. Brooks. (Id).

Ms. Collins also claims that when she requested an IEP for her other son, T.G., who also suffers from diagnosed difficulties, she experienced similar

discrimination; and that as a result of her association with children with disabilities and/or in retaliation for accommodation requests and complaints of discrimination she suffers from extreme emotional distress, damage to her reputation and attendant financial hardship associated with defendants' conduct. (Id: ¶¶ 81-88, 90-91).

Plaintiffs filed suit in the Circuit Court of Jackson County, Mo., and asserted the following claims:

Count I, G.G. alleged unlawful discrimination in public accommodation in violation of RSMO § 213.010, et seq. against all defendants;

Count II, G.G. alleged retaliation in violation of RSMO § 213.010 et seq. against the District and the Board;

Count III, G.G. alleged negligent supervision/ breach of ministerial duties against the District, the Board, Superintendent Bedell and Principal May;

Count IV, G.G. alleged breach of fiduciary duty/confidential relationship against the District, the Board, Superintendent Bedell, and Principal May;

Count V, G.G. alleged battery/battery with intent to induce apprehension against Michael Brooks;

Count VI, G.G. alleged assault against Michael Brooks;

Count VII, G.G. alleged false imprisonment against Michael Brooks;

Count VIII, G.G. alleged intentional infliction of emotional distress against Michael Brooks;

Count IX, G.G. alleged negligence against Michael Brooks;

Count X, G.G. alleged negligent infliction of emotional distress against Michael Brooks;

Count XI, G.G. alleged negligence against Principal May;

Count XII, G.G. alleged negligent infliction of emotional distress against Principal May;

Count XIII, Ms. Collins alleged unlawful discrimination in public accommodation in violation of RSMO § 213.010, et seq against the District, the Board, Superintendent Bedell, and Principal May;

Count XIV, Ms. Collins alleged retaliation in violation of RSMO 213.010 et seq against the District and the Board; and

Count XV, Ms. Collins alleged loss of consortium, services and medical expenses against all defendants

Defendants removed the action to this court claiming federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants acknowledge that the

complaint asserts only state law claims, but contend that plaintiffs' allegations actually assert violations of the Individual with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA").

The remand motion has been fully briefed. Subsequently, plaintiffs submitted supplemental authority in support of remand and defendants were afforded an opportunity to respond. For the reasons set forth below, plaintiffs' motion will be granted.

## Jurisdictional Standard

Federal courts have limited jurisdiction and have an independent obligation to ensure that they do not exceed the scope of their jurisdiction. Solomon v. Kansas City Public Schools, 2020 WL 954981 (W.D. Mo.); citing, Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). Although a defendant may remove an action to federal court, reman is required if the case does not fall within the original jurisdiction of the district court. Solomon, at *1. Federal district courts have original jurisdiction over civil actions arising under federal law, and such a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. Id.

The party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. Id. Any doubts about the propriety of removal should be resolved in favor of remand.

## Discussion

Defendants rely on Fry v. Napoleon Comty. Sch, 137 S.Ct. 743, 755 (2017), for the proposition that when the gravamen of a complaint seeks redress for a school's failure to provide a Free Appropriate Public Education ("FAPE"), the complaint arises under IDEA and therefore federal jurisdiction exists. In support of their argument, defendants claim that the initial 32 allegations in the complaint refer to a denial of an Individualized Education Program ("IEP") and a failure to mainstream G.G.

Contrary to defendants' contention, the initial paragraphs of the Petition properly identify the parties (Petition: ¶¶ 1-20), and the jurisdiction and venue (Petition: ¶¶ 21-27). Paragraphs 28 through 39 appropriately set forth the Background and Exhaustion of Administrative Remedies, and plaintiffs complain of the alleged assault in paragraph 40; not, as claimed by defendants, paragraph 60.

In deciding whether a petition presents a federal complaint, the well-pled complaint rule is applied. Moore v. Kansas City Public Schools, 828 F.3d 687 (8th Cir. 2016). This long-standing doctrine provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Id, at 691.

Plaintiffs complain of defendants' failure to accommodate G.G. in relation to his disabilities, but the claims are based on plaintiffs' belief that the failures were in retaliation for Ms. Collins' persistence and intervention on behalf of G.G. (Petition: ¶¶ 32-34, 77, 79), and the retaliatory and discriminatory allegations are repeated throughout the Petition. The claims of assault, battery, negligence and emotional distress are also repeatedly alleged to be as a result of the injuries sustained by G.G.

On its face, plaintiffs' Petition does not expressly invoke relief under the IDEA. Plaintiffs' state that the Petition "unequivocally seeks redress solely for" violations of state anti-discrimination and anti-retaliation laws under the MHRA. (Doc. 18: Supp. Sugg. Pg. 9). A fair reading of the Petition includes plaintiffs allegation that she was met with "constant resistance and backlash" when advocating for her sons (Doc. 1-1, ¶ 32), but references to disputes between Ms.

Collins and school officials regarding the accommodations afforded G.G. cannot easily be cast as seeking relief under the IDEA.

Under similar facts, allegations referencing an Individual Education Plan ("IEP") were held to constitute state law claims as opposed to federal claims arising under the IDEA. Solomon v. Kansas City Public Schools, 2020 WL 954981 (W.D. Mo.). In Solomon, plaintiff alleged that the defendant refused to provide her an IEP and refused to accommodate her special seating needs. at *1. Plaintiff also alleged that she was denied a homebound instructor, refused assignments on an ongoing basis, recorded as absent when teaches did not provide assignments, and barred her mother from the school after she made complaints. Id. Plaintiff asserted these claims under the MHRA. Yet, in reliance on Fry v. Napoleon Comty. Sch., 137 S.Ct. 743 (2017), the defendants removed the case claiming – as here – that the claims "in reality" arose under the IDEA. Id.

Judge Ketchmark rejected defendants' argument, and found that plaintiff's deliberate choice to plead only state claims did not render it within the confines of "artful pleading" to be set aside as noted in Fry, and under the well-plead complaint, plaintiff's claims did not give rise to a federal question. Id, at *2. Judge Ketchmark noted the number of cases within the Eighth Circuit and across the

country that likewise remanded state law claims even when the plaintiff brought claims under IDEA or similar federal law. Id. [1]

Judge Ketchmark also noted that defendant failed to cite any controlling or persuasive case in which a plaintiff alleged solely state law claims, subsequently removed to federal court on the basis of IDEA, and the court retained jurisdiction. Id, at * 3.

Defendants contend that Judge Ketchmark "misapplied" Fry, and did not sufficiently distinguish the facts in Solomon from those in Miksis v. Evanston Twp. High Sch. Dist. # 202, 235 F.Supp.3d 960 (N.D. Ill. 2017), where the court rejected the defendant's claim that the alleged breach of a settlement agreement involving a prior IDEA based lawsuit, but nevertheless found the allegations supported an IDEA claim and exercised subject-matter jurisdiction over the matter.

Contrary to defendants' contention, in analyzing Miksis, Judge Ketchmark found it to be distinguishable for several reasons. Solomon, at *3. First, because of the plaintiffs' claim of an alleged breach, the court would be required to apply

---

[1]; See, McCauley v. Francis Howell School District, 2016 WL 795804 (E.D. Mo.); Payne v. Norfolk Sch. Dist., 2019 WL 4131084 (W.D. Ark.); C.B. v. Sonora Sch. Dist., 691 F.Supp.2d 1123, 1148 (E.D. Ca. 2009); Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2nd Cir. 2008)(declining to exercise supplemental jurisdiction where the state law claims included claims under the New York State Human Rights Law); Eads ex rel. Eads v. Unified Sch. Dist. No. 289, Franklin Cty., Kan., 184 F.Supp.2d 1122, 1137 (D. Kan. 2002).

and interpret principles from IDEA to determine if the plaintiffs were entitled to relief. Id. Additionally, the plaintiffs in Miksis, unlike the plaintiff in Solomon, did not oppose the removal and seek remand. Id. Finally, Judge Ketchmark noted that the court in Miksis declined to find federal jurisdiction based on, among other things, federal question jurisdiction based on IDEA, but, rather, decided to exercise jurisdiction based on supplemental jurisdiction after finding that the plaintiffs invoked their federal rights under IDEA. Id. Based on the Petition before her, Judge Ketchmark found no such invocation of federal rights by the plaintiff and remanded the case. Id.

Similarly, here, the gravamen of plaintiffs' claims involve the physical injuries sustained by G.G. as a result of alleged discriminatory and retaliatory misconduct by defendants. Moore, 828 F.3d at 692. It is well settled that plaintiffs are the masters of their claims and may avoid federal removal jurisdiction by exclusive reliance on state law. As the proponents of federal jurisdiction, defendants have failed to meet their burden of establishing federal subject matter jurisdiction. Therefore, remand will be granted.

Plaintiffs also request an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c). Although defendants have failed to satisfy their burden of establishing federal jurisdiction, it cannot be concluded that defendants were

without a reasonable basis to remove the action, and plaintiffs' request for attorney fees will be denied.

Accordingly, it is hereby

ORDERED that the motion of the District defendants to dismiss (Doc.11) is DENIED. It is further

ORDERED that plaintiffs' motion to remand (Doc. 17) is GRANTED, and the Clerk of the Court is directed to REMAND this case to the Circuit Court of Jackson County, Mo. at Kansas City. It is further

ORDERED that plaintiffs' motion to stay (Doc. 19) is DENIED as moot.

s/ HOWARD F. SACHS
HOWARD F. SACHS
UNITED STATES DISTRICT COURT

June 23, 2020
Kansas City, Missouri